

# In the Court of Criminal Appeals of Texas

No. WR-94,786-01

## EX PARTE CHRISTOPHER DEWAYNE FLOWERS,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 1361743-A in the 232nd District Court
From Harris County

YEARY, J., filed a concurring opinion.

Applicant was convicted of delivery of less than a gram of cocaine, a state-jail felony, and sentenced pursuant to Section 12.44(a) of the Penal Code to confinement for ninety days. TEX. HEALTH & SAFETY CODE § 481.112(b); TEX. PENAL CODE § 12.44(a). Applicant now challenges his conviction in this Court through an application for writ of habeas corpus. TEX. CODE CRIM. PROC. art. 11.071. Applicant alleges that he was denied due process by the State's use of false evidence against him, that his plea

was involuntary, and that he is actually innocent.

Without explicitly saying so, the Court today rightly rejects Applicant's claim that he is actually innocent.[1] Instead, relying on the recommendations of both the State and the convicting court, and this Court's opinion in *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009), as well as on the United States Supreme Court's opinion in *Brady v. United States*, 397 U.S. 742 (1970), the Court grants Applicant relief on the basis of: (1) his claim that he was denied due process by the use of false evidence against him; and (2) his claim that his plea was involuntary. But I cannot join the Court's conclusion that Applicant's plea was involuntary.

Unlike the Court, I see no need to determine whether Applicant's plea was involuntary. As I have observed before, "[t]his Court has yet to definitively say, in a published opinion, whether or not *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] applies to a guilty plea scenario" so as to render the plea involuntary. *See Ex parte Yearling*, 663 S.W.3d 695, 697 (Tex. Crim. App. 2022) (Yeary, J., dissenting) (citing *Ex parte Palmberg*, 491 S.W.3d 804, 814 n.18 (Tex. Crim. App. 2016)). It still has not done so, though purporting (needlessly, and in an unpublished opinion) to grant relief on that basis today. However, I concur with the Court's decision to grant relief on the ground that false evidence was used against him. I therefore concur, respectfully, but only in the Court's judgment.

**FILED:** June 7, 2023
**DO NOT PUBLISH**

---

[1] Both the State and the convicting court reject the idea of granting relief to Applicant on the ground that he is actually innocent.